CORINA R. PANDELI, SBN 283054
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
880 Front Street, Suite 3230
San Diego, CA 92101
(619) 557-5013

Attorney for
TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>EMPLOYEE LOAN SOLUTIONS, LLC,<br><br>　　　　Debtor-in-Possession. | Case No.: 22-03210-CL11<br><br>**ACTING UNITED STATES TRUSTEE'S OPPOSITION TO DEBTOR'S EMERGENCY FIRST DAY MOTION FOR USE OF CASH COLLATERAL**<br><br>Date:<br>Time:<br>Judge:   Hon. Christopher B. Latham |

Tiffany L. Carroll, the Acting United States Trustee ("United States Trustee"), submits this opposition to the Debtor's Emergency First Day Motion For Use of Cash Collateral ("Emergency Motion") filed at ECF No. 8.[1]

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Local Bankruptcy Rules" or "LBR" references are to the Local Bankruptcy Rules for the Southern District of California.

1

As a preliminary matter, it does not appear that the Debtor complied with LBR 9013-9(c), (d), or (e), in regards to the Emergency Motion. There was no accompanying declaration filed in the case docket regarding notice to parties, including the United States Trustee. The United States Trustee did not receive telephonic notice of the motion as required by LBR 9013-9(d). Based on the amended proof of service filed, the secured creditor whose lien is at issue only received notice of the Emergency Motion via US Mail, and not express or overnight delivery. The Debtor has failed to comply with LBR 9013-9 and, thus, the Emergency Motion should be denied until such time that the secured creditor is given appropriate notice and an opportunity to respond to the relief requested by the Debtor.

The budget attached to the Emergency Motion contains further issues. The budget attached to the Farry Declaration is a singular 60-day budget. ECF No. 8 at PDF pg. 25. Typically, a budget for interim cash collateral use is based on a week-by-week or even monthly budget over a 13-week or quarter period of time. The longer period of time gives secured creditors, the United States Trustee, and other interested parties a longer period of time in which to evaluate whether it is anticipated that income may diminish over the first three months of the case.

The budget also contains payment to at least one insider of the Debtor: Chief Executive Officer Douglas Farry. It is unclear whether any of the other individuals

listed on the budget are insiders of the Debtor.  Generally, payments to insiders are not authorized in the absence of a court order permitting insider compensation.  The Guidelines for First Day Motions provides that insider compensation payment may be authorized through a first day motion, but the motion must state the nature and extent of the duties to be performed by each insider and the business justification for the amount of the compensation performed.  *See* Appendix D1 to Local Bankruptcy Rules.  Here, the Emergency Motion does not provide any information as to the compensation proposed for Mr. Farry or any other insider of the Debtor, to the extent that any other insiders exist.  The Debtor should amend the budget to remove any insiders or, in the alternative, provide the information as set forth in Appendix D1.  It should also list the job titles of all employees referenced on the budget.  For contractors listed on the budget, the Debtor should amend to list the nature of the services rendered by the contractor.

The budget also includes as expenses payments for "accounting fees" and "legal and professional services."  ECF No. 8 at PDF pg. 25.  The Emergency Motion provides that "amount set forth in the Budget is the amount that exceeds the retainers held by professionals."  *Id*. at PDF pgs. 18-19.  It is unclear which professionals this statement refers to.  Any professionals must be retained by the estate and are not entitled to payment under § 330(a) until after 120 days have passed since case commencement.  *See* 11 U.S.C. § 331.  This reference to

payment of professionals, including accounting fees, should be stricken from any order authorizing cash collateral use.

The Debtor further seeks authorization "to exceed the amount set forth in the Budget both on a line item and total basis by as much as 20% per month, to the extent that this excess is necessary to meet the operational needs of the business." PDF pg. 2. Typically, a 20% budget deviation per month may be reasonable on a line-by-line expense basis, but not on a total or aggregate basis per month. Instead, a 10% budget deviation on a total or aggregate basis is more common in a § 363 context. The Debtor should explain how a 20% aggregate deviation per month is reasonable, particularly given that the majority of expenses reflected on the budget appear to be fixed in nature.

Last, the interim order attached to the Emergency Motion should be re-submitted on CSD 1001C, in compliance with the Local Bankruptcy Rules and Administrative Procedures.

///

///

///

///

///

///

4

The United States Trustee requests that the Court deny the Emergency Motion until the issues identified relating to notice and the budget are addressed and amended as requested herein.

Respectfully submitted,

TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

Dated: December 20, 2022

By: /s/ Corina R. Pandeli
Corina R. Pandeli
Attorney for the Acting United States Trustee